IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VINCENT BRIAN GREEN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-12-1039 |
| SGT. CARAFANO | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

Pending is Defendant's Motion to Dismiss.  ECF No. 9.  The motion is unopposed by Plaintiff who was mailed notice of Defendant's motion advising of his right to file a response and of the consequences of failing to do so.  ECF No. 10.  The notice was returned as undeliverable. ECF No. 11. For the reasons that follow, the motion will be granted.  A hearing in this matter is unnecessary.  *See* Local Rule 105.6 (D. Md. 2011).

Plaintiff Vincent Green ("Green") alleges he was assaulted during his arrest on August 18, 2010, in Gaithersburg, Maryland.  ECF No. 1 at p. 4.  He states he was riding in a car with an undercover officer "after the transaction."[1]  When the car pulled over, a green mini-van pulled behind the car, and approximately five officers jumped out of the mini-van.  Green claims that "[t]he officer ran up to me and punched me in the face several times."  *Id*.  Green later found out his cheekbone had been broken during the assault.

### Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the Plaintiff's complaint.  *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).   The Supreme Court recently articulated the proper framework for analysis:

---

[1] Police reports filed with the complaint indicate that Green had been approached by the undercover officer to arrange a purchase of one-hundred dollars' worth of crack-cocaine (referred to as a "hundred").  Green complied with the request and was later arrested. ECF No. 1 at Attachment 1 and 3.

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327(1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (footnotes omitted.).

This standard does not require Defendant to establish "beyond doubt" that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 561. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**Analysis**

Defendant Sgt. Carafano asserts the Complaint fails to state how or if he was involved in the alleged assault. ECF No. 9 at pp. 2 – 3. In terms of the constitutional claim, Plaintiff has failed to allege that Carafano was involved in the actions taken against him. To the extent Carafano is named in his capacity as a supervisory official, the claim still fails. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir.2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir.2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir.2001) *citing Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994). Plaintiff has pointed to no action or inaction on the part of Carafano that resulted in a constitutional injury.

With respect to any state tort claim that may be fairly construed from the complaint, the court declines to exercise supplemental jurisdiction over state law claims where it has dismissed

the federal claim. 28 U.S.C. § 1367(c), *see also Carnegie Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (where federal claim is dismissed early federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction).

The motion to dismiss filed on behalf of Carafano shall be granted. To the extent that Plaintiff failed to name as Defendants other individual officers who were directly involved in the alleged assault, the complaint will be dismissed without prejudice.[2]  A separate Order follows.

August 8, 2012                                                 _____/s/_____
Date                                                                        DEBORAH K. CHASANOW
                                                                                United States District Judge

---

[2] Pursuant to local rules, all parties have an affirmative duty to inform this court of any change of address during the pendency of their actions. *See* Local Rule 102.1.b.iii. (D.Md.2011). Plaintiff has changed his address and no notice has been received from him indicating where he may now be reached. *See* ECF Nos. 5, 6, 11, and 12.